FILED
APR 1 4 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1 Richard Caruso
2 1600 E. Vista Way #85
  Vista, CA 92084
3 Ph: 760-888-7418

4 Plaintiff In Pro Se

## IN THE UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARUSO, | Case No. '16 CV 0902 BTM DHB |
| Plaintiff, | VERIFIED COMPLAINT FOR DAMAGES |
| vs. | VIOLATIONS OF (TCPA) 47 U.S.C. §227 *et. seq.* |
| | VIOLATIONS OF (FDCPA) 15 U.S.C. §1692 *et seq.* |
| CALIFORNIA RECOVERY BUREAU, | VIOLATIONS OF (FCRA) 15 U.S.C. §1681 *et seq.* |
| | VIOLATIONS OF (CRFDCPA) Civ. Code §1788 *et seq.* |
| Defendants. | |
| | DEMAND FOR DECLARATORY RELIEF |
| | DEMAND FOR JURY TRIAL |

### COMPLAINT

Plaintiff, RICHARD CARUSO, "In Pro Se" individually sues and alleges the following against defendant California Recovery Bureau:

### I. PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by the plaintiff against the defendant for numerous strict statutory violations of the following: Telephone Consumer Practices Act (TCPA) 47 U.S.C. §227 *et seq.*, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*, the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq. and the California Rosenthal Fair Credit Reporting Act (CRFCRA) Civ. Code §1788 *et seq.*

2. Plaintiff CARUSO contends that the defendant's have violated such laws by repeatedly harassing the plaintiff in attempts to collect an alleged but nonexistent consumer credit line debt or medical bill.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3), 15 U.S.C.§1692(k)(d), supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§1367, and California Code of Civil Procedure §410.10. Defendant's conduct business in the state of California and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that the plaintiff resides here, the defendant transacts business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $50,000.

## III. THE PARTIES

6. Plaintiff, RICHARD CARUSO (hereinafter "CARUSO") is a natural person and resident of the State of California, San Diego County.

7. Upon information and belief defendant CALIFORNIA RECOVERY BUREAU (hereinafter "CRB") is a professional consumer debt collection agency, authorized to do business in California, with a corporate headquarters located at 135 Vallecitos De Oro, Suite G, San Marcos, CA, 92069. Upon information and belief the registered CEO is Ms. Mabela Burgos,.

8. Defendant CRB is an entity which professionally collects debts bringing it well within the ambit of the California Rosenthal Fair Debt Collection Practices Act ("CFDCPA") Civil Code §1788 *et. seq.*, and also a consumer debt collector which, among other activities, is a "*furnisher*" of negative consumer credit reports directly to all three (3) national credit reporting agencies.

## IV. FACTUAL ALLEGATIONS

Plaintiff CARUSO *has no prior or present established relationship* with defendant CRB as it pertains to *any* negative consumer debt account or *any other alleged accounts in any amounts*.

9. Plaintiff CARUSO *has no contractual obligation to* defendants CRB *to pay them anything*.

10. Plaintiff CARUSO *has never given* defendant CRB *express written permission* to call plaintiff's cellular phone more than thirty five (35) times, *many times more than once in the same business day*, between the dates of September 2014 and today's date.

11. Defendant CRB called plaintiff CARUSO's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (760) 891-0777 and (800) 972-2721 more than thirty five (35) times, *many of these thirty five(35) harassing consumer debt collection calls were made in the same business day*, [*CRB called plaintiff's private cellular phone six (6) times in one business day*]. clearly violating (FDCPA) 15 U.S.C. §1692c(a).

12. Plaintiff CARUSO hereby moves this Ninth District honorable court to take judicial notice that none of the more than thirty five (35) harassing debt collection calls placed by defendant CRB between the dates of September 2014 and today's date *were made for emergency purposes*, clearly violating (TCPA) U.S.C. 47 U.S.C. §227(b)(1)(A)(iii).

13. Plaintiff CARUSO further alleges that between the dates of September 2014, and today's date defendant CRB called plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (760) 891-0777 and (800) 972-2721 more than thirty five (35) times, violating the TCPA's strict statutory guidelines *by using automatic telephone dialing system capabilities or artificial or prerecorded messages or voices.*

14. Between the dates of September of 2014 and today's date defendants CRB placed calls to the plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (760) 891-0777 and (800) 972-2721 more than thirty five (35) times *asserting a right which it lacks to wit, and the right to enforce* [a consumer debt allegedly owed] by plaintiff CARUSO to CRB.

15. Between the dates of September of 2014 and today's date, defendants CRB called plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (760) 722-2156 (800) 755-1107 and (425) 643-2613 more than thirty five (35) times *[During many of these calls failed to identify that they were consumer debt collectors trying to collect on a alleged negative consumer debt]* originating between the years of 2014 to the present date.

16. On February 02, 2015 plaintiff CARUSO sent via certified mail addressed to all three credit reporting agencies ("CRA"'s) that plaintiff CARUSO disputed all credit lines listed on his consumer files by defendant CRB. CARUSO demanded an immediate "*investigation*" and CRB was then demanded to provide plaintiff CARUSO with written "verification" and consumer debt validation as defined by (FDCPA) 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s]. To date defendant CRB has ignored all attempted communications by phone, email, in writing, or otherwise, which clearly demonstrates willful and non-compliance with (TCPA) 47 U.S.C. §227(b)(1)(A),.

17. On March 20, 2015 plaintiff CARUSO demanded in writing via certified mail from all three ("CRA's) that there be an immediate *re-investigation* and that the above-named defendant CRB listed negative credit lines were being "disputed". and be removed from his credit filed immediately. CRB was then demanded to provide plaintiff CARUSO with written "verification" and consumer debt validation as defined by 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s]. To date defendant CRB has ignored all attempted communications in writing, by phone, email, or otherwise, which clearly demonstrates *willful and non-compliance* with (TCPA) 47 U.S.C. §227(b)(1)(A).

18. Defendant CRB through their above-described actions violated the strict statutory guidelines set forth in (FDCPA) §1692d *by engaging in conduct the natural consequences of which is to harass, oppress, or abuse* plaintiff CARUSO by calling his cell phones on more than thirty (35) separate occasions over a more than two year period of time from September 2014 to today's date.

19. Many of these cell phone calls were placed before the very early morning hours of *8:00 am and after the late evening hours of 9:00 pm at night*, another direct statutory violation of State and Federal Rules of Civil Procedures pertaining to the Telephone Consumer Protections Act (TCPA).

20. All thirty five (35) calls placed by CRB to plaintiff CARUSO's cellular phones plaintiff CARUSO has to pay for on his monthly cell phone bills.

21. Defendant CRB *clearly violated* section §1692d(5) of the Fair Debt Collection Practices Act and at the *very same time* violated the California Rosenthal Fair Debt Collection Practices Act Section §1788.17 (CFDCPA), by calling plaintiff CARUSO on his personal cell phones on more than thirty five (35) separate occasions and caused Plaintiff CARUSO's cellular phones to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying debt[s] allegedly owed to defendant CRB.

22. The same *consumer business debt[s]* allegedly owed to defendant CRB herein arose out of a transaction that was primarily for *personal, family, or household purposes*.

23. As plaintiff CARUSO *has no business debt*, this same *alleged business debt* presently sought now by defendant CRB *could only have been used for personal, family, or household purposes*.

24. During this same more than two (2) year period of time defendant CRB totally ignored all written attempts by plaintiff CARUSO to *cease and desist* all collection activities *immediately. Instead,* these same defendant's *commenced an ongoing almost daily campaign over a more than two (2) year period of time to*

*harass, abuse and coerce plaintiff CARUSO into paying an alleged consumer debt he has never known about nor owed.*

## V. COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227 *et seq.* AGAINST DEFENDANT CALIFORNIA RECOVERY BUREAU

**25.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 25 herein.

**26.** Defendant CRB has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(a) by using an automatic telephone dialing system to call the plaintiff's personal cellular phone numbers which are assigned to the San Diego cellular service provider T-Mobile and listed on the *National Do Not Call List.*

**27. 47 U.S.C. §227(b)(1)(A) states in part;**

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT-
(1) PROHIBITIONS - It shall be unlawful for aany person within the United States, or any person outside the United States if the recipient is within the United States-
(A) To make any call(other than a call made for emergency purposes or made only with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

**28.** Defendant CRB placed calls to Plaintiff CARUSO's cell phone numbers no less than thirty five (35) separate times using an automatic Voice and/or ATDS dialing system.

**29.** Plaintiff CARUSO has never given CRB *express written permission* to call the plaintiff's cell phones. There has never been any established business relationship between the two parties and plaintiff CARUSO is entitled to damages of $500 for the first placed call and $1,500 per violation after the first initially placed call pursuant to 47 U.S.C. §227(b)(3)(B) as all of those calls were *intentional.*

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against defendants CRB for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §227(b)(1)(A), together with such other and further relief as this court may deem reasonable and just under the circumstances.

# VI. COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT(FDCPA) 15 U.S.C. §1692 *et seq.* AGAINST DEFENDANT CALIFORNIA RECOVERY BUREAU, INC.

31. Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 30 herein.

32. Plaintiff CARUSO is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

33. Defendant CRB is a *"debt collector"* within the meaning of (FDCPA) 15 U.S.C. *§1692a(6)*.

34. Defendant California Recovery Bureau's violations include but are not limited to the following:

a) Defendant CRB violated (FDCPA) 15 U.S.C.*§1692c(a)*(1) by contacting plaintiff CARUSO at a *time and place known to be inconvenient*.

b) Defendant CRB violated (FDCPA) U.S.C. *§1692d by engaging in conduct that the natural consequence of is to harass, abuse, and oppress plaintiff CARSUSO*.

c) Defendant CRB violated (FDCPA) U.S.C.*§1692d(2) by using abusive language in an attempt to collect an alleged debt*.

d) Defendant CRB violated (FDCPA) U.S.C.*§1692d(5)* when defendant CRB *caused* plaintiff CARUSO'S *telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass the plaintiff*.

e) Defendant CRB violated (FDCPA) U.S.C.*§1692e by making false, deceptive, and misleading representations in connection with the debt collection*.

f) Defendant CRB violated (FDCPA) 15 U.S.C. *§1692e(2) by falsely representing the character, amount, or legal status of any debt*.

g) Defendant CRB violated (FDCPA) 15 U.S.C.*§1692*e(4) *by misrepresenting that nonpayment of any debt will result in the arrest or imprisonment of any person*.

   h)   Defendant CRB violated (FDCPA) 15 U.S.C. *§1692e(5) for threatening to take any action against plaintiff that cannot legally be taken or that is not intended to be taken.*

   i)   Defendant CRB violated (FDCPA) 15 U.S.C. §1692e(8) *by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt was disputed.*

   j)   Defendant CRB violated (FDCPA) 15 U.S.C. §1692e(10) *by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

   k)   Defendant CRB violated (FDCPA) 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

   l)   Defendant CRB violated (FDCPA) 15 U.S.C. §1692g by, *within five (5) days after the initial communication with plaintiff in connection with the collection of any debt, failing to send plaintiff a written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and a statement that, upon the consumers's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

**WHEREFORE,** Plaintiff, RICHARD CARUSO, respectfully requests judgement be entered against defendant CRB for the following:

**35.** Declaratory judgement that the defendant CRB conduct violated the Fair Debt Collection Practices Act,

**36.** Statutory damages of $1,000.00 for each violation pursuant to the Fair Debt Collection Practices Act 15 U.S.C. *§1692k* .

**37.** Costs and reasonable attorneys fees pursuant to the Fair Debt Collection Practices Act *15 U.S.C. §1692k.*

**38.** Any other relief that this Honorable Court deems appropriate.

## VII.  COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),15 U.S.C. §1681 *et seq.* WILLFUL OR NON-COMPLIANCE AGAINST DEFENDANT CALIFORNIA RECOVERY BUREAU

**39.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 38 herein.

**40.** Plaintiff CARUSO is a consumer within the meaning of 15 U.S.C. §1681a(c).

**41.** Debt Collector CRB is a "*furnisher*" of information within the meaning of (FCRA) 15 U.S.C. §1681s-2b.

**42.** Debt collector CRB willfully violated the (FCRA). Defendant's CRB's violations include, but are not limited to, the following:

(a) Debt collector CRB willfully violated 15 U.S.C. §1681b(f) by obtaining plaintiff CARUSO's consumer credit files without a permissible purpose as defined by (FCRA) 15 U.S.C. §1681b.

**WHEREFORE,** plaintiff CARUSO demands judgement for damages in the amount of $1,000.00 against debt collector CRB for actual or statutory damages, and any/all punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## VIII. COUNT IV
## VIOLATION OF CALIFORNIA ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.*
## AGAINST DEFENDANT CALIFORNIA RECOVERY BUREAU

**43.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 42 herein.

**44.** Plaintiff CARUSO is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

**45.** Defendant CRB is a "*debt collector*"within the meaning of California Civil Code §1788(f) and (FDCPA) 15 U.S.C. *§1692a(6)*.

**46.** *The CRB consumer credit line in question* is a consumer credit transaction as defined by California Civil Code §1788(e), as plaintiff CARUSO has allegedly received property, services or money from defendant CRB or an extension of credit, and such property, services or money was used primarily for *personal, family or household purposes*.

**47.** Defendant CRB violated California Civil Code §1788.11(d) of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to plaintiff CARUSO's cellular phones *repeatedly and continuously so as to annoy and harrass the plaintiff into paying an alleged consumer debt purportedly owed by plaintiff CARUSO*.

**48.** Defendant CRB violated California Civil Code §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to plaintiff's personal cellular phone with *such frequency as to be unreasonable and to constitute a direct intentional barrage of harassment towards the plaintiff under the circumstances*.

**49.** Defendant CRB violated (CFDCPA) California Civil Code Section §1788.17 by continuously failing to comply with thestatutory regulations contained within (FDCPA) 15 U.S.C.§1692 *et seq.*

**WHEREFORE,** Plaintiff CARUSO demands judgement for damages against CRB for actual, statutory, and attorney's fees and costs pursuant to California Civil Code §1788.30(b) and costs pursuant to §1788(c).

## IX. PRAYER

I, RICHARD CARUSO, the Plaintiff In Pro Se, in the above-entitled case respectfully prays for judgment as follows:

**50.** For actual, general and special damages according to the proof at trial;

**51.** For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

**52.** For punitive damages against defendants CRB according to proof at trial and using the applicable punitive damages standards from the involved statutes;

**53.** For attorney's fees where authorized by statute or law;

**54.** For costs and expenses of suit; and

**55.** For such other relief as the court deems just and proper.

## X. DEMAND FOR JURY TRIAL

**56.** Plaintiff RICHARD CARUSO hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this 13th day of April 2016.

*Richard Caruso*,

RICHARD CARUSO, Plaintiff In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-888-7418

## XI. VERIFICATION
## DECLARATION OF PLAINTIFF RICHARD CARUSO

I, , RICHARD CARUSO declare as follows:

**57.** I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**58.** I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**59.** I have been damaged *financially, socially* and *emotionally* since May 2013 as a direct result of defendant CRB's unlawful actions and conduct including more than thirty (35) calls to my cellular phones.

**60.** I have read the foregoing pleadings in their entirety and believe all of the facts so stated therein to be both *true and correct*.

**61.** I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**62.** Plaintiff CARUSO demands judgement for damages against defendant CRB for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this 13th day of April 2016 By: _Richard Caruso_

RICHARD CARUSO, Plaintiff In Pro Se

Richard Caruso vs. California Recovery Burea, Inc., et al,
United States District Court Case No.

## XII. CERTIFICATE OF SERVICE

63. I, Deborah Tuck, the undersigned declare under the penalty of perjury declare the following:

64. That I am over the age of eighteen years and not a party to this action;

65. That I served the above-named defendant's the following documents:

- **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- **CONSUMER DISPUTE OF DEBT**

67. By placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail.

- California Recovery Bureau, Inc.
  135 Vallecitos De Oro, Suite G
  San Marcos, CA 92069

Executed on this 13th day of April 2016, in San Diego county, U.S.A.

By _____,

Deborah Tuck