Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant CALIFORNIA RECOVERY BUREAU

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD CARUSO,

Plaintiff,

v.

CALIFORNIA RECOVERY BUREAU,

Defendant.

Case No.: 16CV0902 BTM DHB

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

Defendant CALIFORNIA RECOVERY BUREAU, (hereinafter "Defendant") hereby responds to Plaintiff's Complaint as follows:

1. As to paragraph 1, Defendant lacks sufficient information and belief as to why Plaintiff has brought this instant Complaint against Defendant. To the extent the allegations in paragraph 1 imply that Defendant violated the federal Fair Debt Collection Practices Act ("FDCPA"), California Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), the federal Fair Credit Reporting Act ("FCRA"), California's Consumer Credit Reporting Agencies Act ("CCRAA"), or the federal Telephone Consumer Protection Act ("TCPA"), Defendant denies these allegations.

2. As to paragraph 2, Defendant denies these allegations.

3. As to paragraph 3, Defendant does not contest jurisdiction at this time.

4. As to paragraph 4, Defendant does not contest venue at this time.

5. As to paragraph 5, Defendant lacks sufficient information and belief as to the exact amount of damages that Plaintiff seeks as a result of this action. To the extent that the allegations in paragraph 5 allege that Defendant is liable to Plaintiff for damages, Defendant denies these allegations.

6. As to paragraph 6, Defendant lacks sufficient information and belief to admit or deny Plaintiff's county of residency and therefore, denies these allegations on that basis.

7. As to paragraph 7, Defendant admits that it is a debt collection agency doing business in California and located in San Marcos, California.

8. As to paragraph 8, Defendant admits that it is a debt collection agency and denies all other allegations alleged therein.

9. As to paragraph 9, Defendant denies these allegations. Plaintiff incurred an obligation to City of Vista Ambulance for which Defendant is the assignee for collections.

10. As to paragraph 10, Defendant lacks sufficient information and belief to admit or deny this request as Plaintiff does not allege which cellular telephone number(s) is at issue. On this basis, Defendant denies the allegations alleged in paragraph 10.

11. As to paragraph 11, Defendant denies these allegations.

12. As to paragraph 12, Defendant denies these allegations.

13. As to paragraph 13, Defendant denies these allegations.

14. As to paragraph 14, Defendant denies these allegations.

15. As to paragraph 15, Defendant denies these allegations.

16. As to paragraph 16, Defendant lacks sufficient information and belief to admit or deny whether Plaintiff disputed a debt with the credit reporting agencies. On this basis, Defendant denies the allegations alleged in paragraph 16.

17. As to paragraph 17, Defendant denies these allegations.

18. As to paragraph 18, Defendant denies these allegations.

19. As to paragraph 19, Defendant denies these allegations.

20. As to paragraph 20, Defendant denies these allegations.

21. As to paragraph 21, Defendant denies these allegations.

22. As to paragraph 22, Defendant cannot intelligently respond to the allegations in this paragraph as phrased. Plaintiff references a "consumer business debt", but Defendant is wholly unaware of the meaning of the phrase. Additionally, the FDCPA does not apply to business/commercial debts.

23. As to paragraph 23, Defendant cannot intelligently respond to the allegations in this paragraph as phrased. Plaintiff references a "business debt", but Defendant is wholly unaware of the meaning of the phrase in this context. Additionally, the FDCPA does not apply to business/commercial debts.

24. As to paragraph 24, Defendant denies these allegations.

25. As to paragraph 25, Defendant incorporates its responses to paragraphs 1 - 24 as though fully set forth herein.

26. As to paragraph 26, Defendant denies these allegations.

27. As to paragraph 27, does not state allegations which Defendant can admit or deny. Rather, paragraph 27 quotes a portion of the TCPA.

28. As to paragraph 28, Defendant denies these allegations.

29. As to paragraph 29, Defendant denies these allegations.

30. As to paragraph 30, Defendant denies that Plaintiff is entitled to a judgment in his favor for purported violations of the TCPA.

31. As to paragraph 31, Defendant incorporates its responses to paragraphs 1-30 as though fully set forth herein.

32. As to paragraph 32, Defendant admits that Plaintiff is a "consumer" as defined in the FDCPA.

33. As to paragraph 33, Defendant admits that it is a "debt collector" as defined

by the FDCPA.

34. As to paragraph 34, Defendant denies all allegations stated in paragraphs 34(a)-(l).

35. As to paragraph 35, Defendant denies that Plaintiff is entitled to declaratory judgment.

36. As to paragraph 36, Defendant denies that Plaintiff is entitled to an award of statutory damages.

37. As to paragraph 37, Defendant denies that Plaintiff is entitled to an award of attorneys' fees as he is self-represented. Defendant also denies that Plaintiff is entitled to an award of costs.

38. As to paragraph 38, Defendant denies that Plaintiff is entitled to any relief.

39. As to paragraph 39, Defendant incorporates its responses to paragraphs 1-38 as though fully set forth herein.

40. As to paragraph 40, Defendant admits that Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

41. As to paragraph 41, Defendant cannot admit or deny the allegations made herein as phrased because 15 U.S.C. § 1681s-2b does not define "furnisher" as Plaintiff alleged.

42. As to paragraph 42, Defendant denies these allegations and denies that Plaintiff is entitled to damages for the alleged FCRA cause of action.

43. As to paragraph 43, Defendant incorporates its responses to paragraphs 1-42 as though fully set forth herein.

44. As to paragraph 44, Defendant admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

45. As to paragraph 45, Defendant admits that it is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant cannot admit or deny whether it is a debt collection agency pursuant to California Civil Code § 1788(f) because such statute does not exist.

46. As to paragraph 46, Defendant cannot admit or deny the allegations in this

paragraph as phrased and therefore, denies all allegations alleged herein.

47. As to paragraph 47, Defendant denies these allegations.

48. As to paragraph 48, Defendant denies these allegations.

49. As to paragraph 49, Defendant denies these allegations.

50. As to paragraph 50, Defendant denies that Plaintiff is entitled to actual, general, or special damages.

51. As to paragraph 51, Defendant denies that Plaintiff is entitled to statutory damages or civil penalties.

52. As to paragraph 52, Defendant denies that Plaintiff is entitled to punitive damages.

53. As to paragraph 53, Defendant denies that Plaintiff is entitled to attorneys' fees as he is self-represented.

54. As to paragraph 54, Defendant denies that Plaintiff is entitled an award of costs and expenses of suit.

55. As to paragraph 55, Defendant denies that Plaintiff is entitled to any relief as a result of this action.

56. As to paragraph 56, Defendant does not contain allegations which Defendant can admit or deny. Defendant also demands a jury trial in this matter.

57. As to paragraphs 57-62, these paragraphs contain Plaintiff's "Verification" and his "Declaration" in support of his Complaint. Plaintiff lacks sufficient information and belief as to whether the statements made in Plaintiff's declaration are accurate. However, to the extent Plaintiff declares that Defendant violated any statutory duty, is liable to Plaintiff for damages, and/or harassed and abused Plaintiff, Defendant denies these allegations.

58. As to paragraphs 63-67, Defendant admits that it was served with Plaintiff's Complaint but denies all other allegations alleged herein

/ / /

/ / /

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute any causes of action as to Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that it has no or limited civil liability under the TCPA, 47 U.S.C. § 227 *et seq*, pursuant to 47 U.S.C. § 227(b)(1)(A) because Defendant's acts were taken with the prior express consent of Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that it has no civil liability under the TCPA, 47 U.S.C. § 227 *et seq*, the FDCPA, 15 U.S.C. § 1692 *et seq*., or Rosenthal FDCPA because it did not place any calls to the following telephone numbers as alleged in Plaintiff's Complaint: (760) 216-0157; (760) 877-4404; (760) 877-0400 and, (760) 888-7418.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred insofar as such claims may violate due process as the statutory damages are so exorbitant and so untethered to actual damages that they are punitive in nature and violate the 5th and 14th Amendments to the United States Constitution, and the California Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff has not suffered a concrete and particularized injury for the alleged violations of the TCPA, FDCPA, Rosenthal FDCPA, FCRA, and CCRAA so as to confer Article III standing upon him.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that it has no civil liability under the FDCPA or Rosenthal FDCPA pursuant to 15 U.S.C. § 1692k(c) and California Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability to Plaintiff under the CCRAA pursuant to California Civil Code § 1785.25(g) [to the extent a CCRAA violation has been alleged] as any alleged violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation(s).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that its practices, particularly those pertinent to the allegations in Plaintiff's Complaint, are or were lawful in that Defendant has complied with any and all applicable statutes, regulations, and common law requirements.

## NINETH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: July 1, 2016

ELLIS LAW GROUP LLP

By */s/ Amanda N. Griffith*
Amanda N. Griffith
Attorney for Defendant
CALIFORNIA RECOVERY BUREAU

**DEMAND FOR JURY TRIAL**

Defendant CALIFORNIA RECOVERY BUREAU hereby demands a jury trial in this matter.

Dated: July 1, 2016

ELLIS LAW GROUP LLP

By */s/ Amanda N. Griffith*
Amanda N. Griffith
Attorney for Defendant
CALIFORNIA RECOVERY BUREAU

## CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On July 1, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | |
|---|---|
| **X** | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

| | |
|---|---|
| Richard Caruso<br>1600 E. Vista Way<br>Apt. 85<br>Vista, CA 92084 | Pro Se Plaintiff |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 1, 2016.

By ______________________
Jennifer Mueller